**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KENNETH J. PHELAN,**

                **Plaintiff,**　　　　　　　　**9:11-cv-315
                                                     (GLS/TWD)**

      v.

**NICHOLE LICHVA et al.,**

                **Defendants.**
_____

**APPEARANCES:**　　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Kenneth J. Phelan
Pro Se
09-A-1183
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

**FOR THE DEFENDANTS:**
*Nichole Lichva, Judge Wagner, and
Lynda Rymanowski*
HON. ERIC T. SCHNEIDERMAN　　　RICHARD LOMBARDO
New York State Attorney General　　Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Kenneth J. Phelan commenced this action against defendants Nichole Lichva, Christina Calabrese, Judge Wagner, New York State, John Doe, and Lynda Rymanowski, asserting claims pursuant to 42 U.S.C. § 1983.[1]  (*See* Compl., Dkt. No. 1.)  Pending is Lichva and Rymanowski's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6), and, alternatively, for revocation of Phelan's *in forma puaperis* (IFP) status, (*see* Dkt. No. 20), and the motion of Judge Wagner seeking dismissal under Fed. R. Civ. P. 12(b)(1) and (6), (*see* Dkt. No. 40).[2]  For the reasons that follow, the claims against Lichva, Rymanowski, and Judge Wagner are dismissed.

## II. Background[3]

---

[1] Phelan nominally claimed violations of the Americans With Disabilities Act (ADA), *see* 42 U.S.C. §§ 12101-12213, in his Complaint, (*see* Compl.); however, he failed to state a claim in that regard and this court previously dismissed all such ADA claims.  (*See* Dkt. No. 7 at 6-8.)  The court, reading Phelan's Complaint liberally, then found that he was possibly alleging civil rights violations pursuant to 42 U.S.C. § 1983.  (*See id.* at 8-11.)

[2] Because Lichva, Rymanowski, and Judge Wagner make no arguments specifically directed toward Rule 12(b)(1), the court disregards that portion of their motions.  (*See* Dkt Nos. 20, 40.)

[3] The facts relevant to the pending motions are drawn from Phelan's Complaint and presented in the light most favorable to him.  The court also notes that it has liberally construed Phelan's Complaint consistent

On July 18, 2008, Phelan appeared before Judge Wagner without the benefit of "effective counsel" for arraignment and was "unlawfully denied . . . bail." (Compl. ¶ 6.) On July 21, 2008 and August 7, 2008, Phelan's property, which was "stole[n] . . . from [his] home," apparently without a search warrant, was "recieved [sic] and posessed [sic]" by Lichva and Rymanowski. (*Id.* ¶¶ 6-8.) Phelan filed his Complaint on January 17, 2011[4] alleging that Judge Wagner unlawfully denied him bail and the assistance of counsel, and, essentially, that Lichva and Rymanowski violated his Fourth Amendment rights. (*See id.*; *see also* Dkt. No. 7 at 11.) Phelan was granted IFP status and, following the court's initial screening of the Complaint, Judge Wagner, Doe, and Calabrese were dismissed on the theory that they were entitled to absolute immunity; all claims against New York State were dismissed as well. (*See* Dkt. No. 7 at 3, 6-12.) Phelan

---

with the notion that the submissions of *pro se* litigants are entitled to liberal treatment. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

[4] "Under the 'prison mailbox rule,' the date of filing of a *pro se* prisoner civil rights action is deemed to be the date that the prisoner-plaintiff is presumed to have handed his complaint to a prison guard for mailing, which is the last date appearing on the face of the plaintiff's complaint." *Williams v. Roberts*, No. 9:11-CV-0029, 2012 WL 760777, at *1 n.1 (N.D.N.Y. Mar. 7, 2012) (internal citations omitted).

3

successfully moved for reconsideration of the dismissal of Judge Wagner, Doe, and Calabrese, (*see* Dkt. No. 9), and the court reinstated his claims seeking declaratory and injunctive relief as against those defendants. (*See* Dkt. No. 23.)

## III. Standard of Review

The standard of review applicable to Fed. R. Civ. P. 12(b)(6) motions is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. Discussion

### A. Lichva and Rymanowski's Motion

Lichva and Rymanowski argue that the Complaint should be dismissed as to them because: (1) Phelan failed to state a claim upon which relief can be granted; (2) they are entitled to qualified immunity; and (3) Phelan's claims for declaratory and injunctive relief are barred by the Eleventh Amendment. (*See* Dkt. No. 20, Attach. 1 at 2-10.) The court agrees.

Phelan alleges that Lichva and Rymanowski violated his Fourth Amendment rights by receiving and possessing his property, which was

obtained without a search warrant. (*See* Compl. ¶¶ 7-8.) Consequently, Phelan seeks damages and declaratory and injunctive relief. (*See id.* ¶ 12.) Specifically, Phelan seeks a declaration that Lichva and Rymanowski "broke the law by taking posession [sic] of stolen property without a warrant," and an order enjoining them, generically, from "receiving stolen property without a warrant." (*Id.*) Turning first to the monetary relief Pehlan seeks, assuming that he sufficiently alleged a Fourth Amendment violation, damages in a section 1983 claim are only appropriate if the defendants were personally involved in the alleged constitutional violation. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). Ordinarily, the plaintiff must demonstrate that there is a "tangible connection between the alleged unlawful conduct and the defendant[s]." *Balkum v. Sawyer*, No. 6:06–CV–1467, 2011 WL 5041206, at *4 (N.D.N.Y. Oct. 21, 2011) (citing *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)).

Here, Phelan failed to allege personal involvement in his Complaint, which is fatal to his claims against Lichva and Rymanowski. (*See* Compl. ¶¶ 7-8.) While he claimed in his response to their motion[5] that Lichva and

---

[5] "[A] *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint—to the extent those papers are

5

Rymaonwski "were personally involved since they are the ones that illegally had [his] property," (Dkt. No. 22 at 1), it is clear that such receipt and possession of property is insufficient to demonstrate personal involvement in an illegal search or seizure. *See Crandall v. David*, 457 F. App'x 56, 58-59 (2d Cir. 2012) (explaining that a defendant's incidental handling of allegedly illegally obtained property was not sufficient to demonstrate personal involvement).

Next, considering the declaratory and equitable relief Phelan requests, (*see* Compl. ¶ 12), the "[p]ersonal involvement of an official sued in his official capacity is not necessary where the plaintiff is seeking only injunctive or declaratory relief under 42 U.S.C. § 1983." *Davidson v. Scully*, 148 F. Supp. 2d 249, 254 (S.D.N.Y. 2001) (internal quotation marks and citations omitted). However, "'[t]he Eleventh Amendment and the principles governing the issuance of declaratory judgments prohibit the award of a declaration that state officials' prior conduct violated federal law.'" *La Scalia v. Driscoll*, No. 10-CV-5007, 2012 WL 1041456, at *8 (E.D.N.Y. Mar. 26, 2012) (quoting *Rothenberg v. Stone,* 234 F. Supp. 2d

---

consistent with the allegations in the complaint." *De Ponceau v. Bruner*, No. 9:09-CV-0605, 2012 WL 1014821, at *3 (N.D.N.Y. Mar. 23, 2012); *see Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004).

6

217, 221 (E.D.N.Y. 2002)); *see Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000). Moreover, the Eleventh Amendment generally bars all but prospective injunctive relief from ongoing violations of federal law. *See Va. Office for Protection and Advocacy v. Stewart*, 131 S. Ct. 1632, 1638-39 (2011).

Here, Phelan's request for declaratory relief seeks only to establish that "Lichva and Rymanowksi . . . broke the law," (Compl. ¶ 12); as such, it is barred by the Eleventh Amendment. *See Rothenberg*, 234 F. Supp. 2d at 221. Assuming, without deciding, that Phelan has sufficiently alleged an ongoing violation of federal law by claiming that Lichva and Rymanowski "are continuing to obtain stolen property in violation of the [Fourth] Amendment . . . [and] there is the threat that they will do this again to [him]," (Dkt. No. 22 at 1), he is without standing to sue for the injunction he seeks with respect to Lichva and Rymanowski. Indeed, it is clear that Lichva and Rymanowski's conduct relevant to Phelan's Fourth Amendment rights is a past, discrete act, *see, e.g.*, *Pasternak v. Baines*, No. 00-CV-0369C, 2006 WL 2570982, \*9 (W.D.N.Y. Sept. 5, 2006), and his allegation of ongoing violations suggests only that the rights of *others* are being continually violated. *See Cooley v. DiVecchio*, No. 06-178, 2008 WL

7

2755846, at *6 (W.D. Pa. July 15, 2008) ("To have standing to sue for injunctive or declaratory relief, [the p]laintiff must be the person who will be injured by the future action sought to be enjoined."); *see also City of L.A. v. Lyons*, 461 U.S. 95, 101-02 (1983). Accordingly, prospective equitable relief for his own benefit would be wholly speculative, and Phelan is unable to obtain the requested relief on behalf of others.[6] And thus, the equitable relief requested is unavailable and the Complaint is dismissed as against Lichva and Rymanowski.

### B. Judge Wagner's Motion

Judge Wagner asserts that the Complaint should be dismissed as against him for failure to state a claim upon which relief can be granted and because the Eleventh Amendment bars Phelan's claims for declaratory and injunctive relief. (*See* Dkt. No. 40, Attach. 1 at 2-6.) With respect to his request for injunctive relief, Phelan argues that Judge Wagner "is continuing to violate federal law . . . [and] injunctive relief should be awarded to put a stop to this ongoing injustice." (Dkt. No. 47 at 4.) Despite

---

[6] In addition to the foregoing infirmity in Phelan's request for an injunction, "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978) (internal quotation marks and citations omitted).

8

Phelan's contention, the court agrees with Judge Wagner and dismisses the Complaint against him.

Phelan's claims against Judge Wagner seek a declaration that he "broke the law (State and/or Federal)" and an injunction requiring him "to always grant bail in all non-murder cases that is not excessive." (Compl. ¶ 12.) For reasons already articulated, Phelan cannot obtain the relief he requests. First, the declaration impermissibly seeks to establish a past violation of law. *See Rothenberg*, 234 F. Supp. 2d at 221. Second, relative to his claim for equitable relief, assuming that Phelan has sufficiently alleged a continuing violation of federal law,[7] he has no standing to seek an injunction regarding Judge Wagner's bail practices inasmuch as he is not "the person who will be injured by the future action sought to be enjoined." *Cooley*, 2008 WL 2755846, at *6; *see Cooley v. DiVecchio*, 307 F. App'x 611, 614 n.1 (3d Cir. 2009) (explaining that plaintiffs seeking "declaratory and/or injunctive relief regarding . . . bail practice as it applies to others" lack standing).

---

[7] To make such an assumption requires the court to liberally interpret Phelan's assertion that violations are "ongoing" as effectively amending his Complaint. *See, e.g.*, *Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 170 n.1 (2d Cir. 1998).

9

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Lichva and Rymanowski's motion to dismiss (Dkt. No. 20) is **GRANTED**; and it is further

**ORDERED** that Judge Wagner's motion to dismiss (Dkt. No. 40) is **GRANTED**; and it is further

**ORDERED** that the Clerk terminate Lichva, Rymanowksi, and Judge Wagner as parties; and it is further

**ORDERED** that the remaining parties notify Magistrate Judge Dancks in order to schedule further proceedings in accordance with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of the Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 2, 2012
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court