UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH J. PHELAN,

                                  Plaintiff,

v.                                                9:11-CV-0315
                                                      (GLS/TWD)

CHRISTINA CALABRESE and JOHN DOE,

                                  Defendants.
_____

APPEARANCES:                                                                  OF COUNSEL:

KENNETH J. PHELAN, 09-A-1183
Plaintiff *pro se*
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HISCOCK & BARCLAY, LLP                                MICHAEL J. SMITH, ESQ.
Counsel for Defendants Calabrese and Doe
80 State Street
Albany, New York 12207

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Kenneth J. Phelan claims that Defendants Christina Calabrese and John Doe, both Assistant District Attorneys, violated his civil rights during criminal proceedings by misrepresenting his previous criminal history and using illegal evidence. (Dkt. No. 1.) Currently pending before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure

56. (Dkt. No. 51.) For the reasons discussed below, I recommend that the Court grant Defendants' motion.

I.  **FACTUAL AND PROCEDURAL SUMMARY**

Plaintiff alleges in his verified complaint that Defendant Doe lied to former Defendant Judge Wagner during Plaintiff's July 2008 arraignment in Albany City Court. (Dkt. No. 1 at 3-4.) Defendant Doe allegedly falsely informed the judge that Plaintiff had two prior felonies when Plaintiff only had one. *Id*. at 4-5. Plaintiff alleges that Defendant Calabrese knowingly used illegally seized evidence against Plaintiff at his trial. *Id*. at 5.

Plaintiff filed this action on March 21, 2011. (Dkt. No. 1.) As is relevant here, Plaintiff requests declaratory relief and injunctive relief. *Id*. at 6-7. Specifically, Plaintiff requests (1) a declaration that Defendants Calabrese and Doe broke state and federal law; and (2) an injunction directing Defendants Calabrese and Doe "to stop lying in court and not use illegally seized property against any defendants . . . ." *Id*.

Defendants Wagner, Doe, Calabrese, and the State of New York were dismissed upon the Court's initial screening of the complaint. (Dkt. No. 7.) The Court reinstated the claims for declaratory and injunctive relief against Defendants Wagner, Calabrese, and Doe in response to Plaintiff's motion for reconsideration. (Dkt. No. 23.) The Court dismissed the claims against Defendant Wagner in response to his motion to dismiss. (Dkt. No. 49.) Thus, the only claims remaining in this action are the claims against Defendants Calabrese and Doe for declaratory and injunctive relief.

Defendants now move for summary judgment of the remaining claims. (Dkt. No. 51.) Plaintiff has opposed the motion. (Dkt. No. 56.) Defendants have filed a reply. (Dkt. No. 57.)

## II. APPLICABLE LEGAL STANDARDS

### A. Legal Standard Governing Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists. *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006). Only after the moving party has met this burden is the nonmoving party required to produce evidence demonstrating that genuine issues of material fact exist. *Id*. at 273. The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). Rather, a dispute regarding a material fact is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material[1] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008).

### B. Legal Standard Governing Motion to Dismiss for Failure to State a Claim

To the extent that a defendant's motion for summary judgment under Federal Rule of Civil Procedure 56 is based entirely on the allegations of the plaintiff's complaint, such a motion

---

[1] A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson*, 477 U.S. at 248.

3

is functionally the same as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). As a result, "[w]here appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment." *Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968); *accord*, *Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties."). Accordingly, it is appropriate to summarize the legal standard governing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss.

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the

4

plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## III.   ANALYSIS

### A.   Failure to Serve Defendant Doe

Defendants argue that the claims against Defendant Doe must be dismissed because "[n]o other Albany County District Attorney, other than Ms. Calabrese, has been served with a summons and complaint in this action." (Dkt. No. 51-7 at 5.[2]) Plaintiff argues that Defendant Doe "has answered my complaint through his attorney . . . , and is therefore a valid defendant." (Dkt. No. 56-1 at 2.)

Under the Federal Rules of Civil Procedure, a defendant must be served with the summons and complaint within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). This 120-day service period is shortened, or "expedited," by the Court's Local Rules of Practice, which provides that all defendants must be served with the summons and complaint within sixty days of the filing of the complaint. L.R. 4.1(b).

Here, Plaintiff has never identified Defendant Doe or served him with the summons and complaint. Generally, this would subject the claims against Defendant Doe to dismissal.

---

[2]   Citations to page numbers in Defendants' memorandum of law refer to the page numbers in the original document rather than to those assigned by the Court's electronic filing system.

However, counsel did, as Plaintiff notes, file an answer on behalf of Defendant Doe.³ (Dkt. No. 28.) The answer did not plead untimely service as an affirmative defense. *Id*. A defense of insufficient service is waived where the defendant fails to raise it in a motion to dismiss or in the answer to the complaint. Fed. R. Civ. P. 12(h).

Given Plaintiff's *pro se* status and the inclusion of Defendant Doe in the answer, I recommend that the Court decline to dismiss the claim against Defendant John Doe for failure to timely serve the summons and complaint. However, as discussed below, both Defendants are entitled to judgment on the merits.

**B.     Injunctive Relief**

Plaintiff seeks injunctive relief from Defendants Calabrese and Doe. (Dkt. No. 1 at 7.) Defendants argue that Plaintiff is not entitled to such relief. (Dkt. No. 51-7 at 9.) Defendants are correct.

When seeking injunctive relief, the plaintiff carries the burden of establishing that he or she "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983)). The plaintiff "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he [or she] will be injured in the future." *Id*. (quoting *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998))

---

³       In relevant part, the answer states that "Defendants, Christina Calabrese and 'John Doe,' the latter being intended to be an unnamed Albany County Assistant District Attorney, by their attorneys . . . as and for their answer to the complaint of the Plaintiff . . . allege[] as follows . . . Wherefore, the Responding Defendants Christina Calabrese and 'John Doe' an unnamed Albany County Assistant District Attorney, respectfully pray[ ] that a judgment b[e] made and entered dismissing the Complaint in its entirety and for costs, disbursements, and, if appropriate attorneys' fees in favor of the Responding Defendants." (Dkt. No. 28 at 1, 4.)

6

(punctuation omitted). This threat of injury must be "real and immediate, not conjectural or hypothetical." *Id*. (punctuation omitted).

In *Shain*, for example, an attorney with no criminal record was arraigned on misdemeanor charges and remanded to the Nassau County Correctional Center ("NCCC"). *Id*. at 213, 215. There, the attorney was strip-searched in accordance with a facility policy requiring such searches of all admittees, regardless of whether or not the admittee was suspected of concealing a weapon or contraband. *Id*. at 213. The attorney sued. *Id*. The case eventually went to trial, where the attorney received nominal damages and a declaration that the suspicionless strip-search policy was unconstitutional. *Id*. at 213-14. The district court later issued an injunction prohibiting enforcement of the suspicionless strip-search policy. *Id*. at 214. On appeal, the Second Circuit held that the attorney lacked standing to seek injunctive relief because the threat of future injury was too speculative. The court stated that:

> to establish a sufficient likelihood of a future unconstitutional strip search, [the attorney] would have to show that *if* he is arrested in Nassau County and *if* the arrest is for a misdemeanor and *if* he is not released on bail and *if* he is remanded to NCCC and *if* there is no particularized reasonable suspicion that he is concealing contraband, he will again be strip searched. Such an accumulation of inferences is simply too speculative and conjectural to supply a predicate for prospective injunctive relief.

*Id*. at 216 (emphasis in original).

Here, Plaintiff argues that "there is a realistic threat of it happening again to me in the future because there is a pattern of officially sanctioned behavior to use illegally seized evidence at trial." (Dkt. No. 56-1 at 6.) This assertion is insufficient to establish standing. Even if one assumes that Albany County has a policy of officially sanctioning the use of illegally seized evidence at trial, the existence of such a policy is insufficient to confer standing on Plaintiff.

7

Rather, "a plaintiff seeking injunctive relief must demonstrate *both* a likelihood of future harm *and* the existence of an official policy or its equivalent." *Shain*, 356 F.3d at 216 (emphasis in original). Plaintiff has not demonstrated the likelihood of future harm. It is undisputed that Plaintiff "is not involved in any current contact or proceedings with the moving Defendants." (Dkt. No. 51-6 ¶ 23; Dkt. No. 56-2 ¶ 23.) The notion that Plaintiff might be released from prison, be arrested for and charged with another crime in Albany County, refuse to accept a plea deal, proceed to trial, and face prosecution by Defendants Doe or Calabrese is purely conjectural. Accordingly, Plaintiff does not have standing to seek injunctive relief. Therefore, I recommend that the Court grant Defendants' motion for summary judgment and dismiss Plaintiff's claims for injunctive relief against Defendants Calabrese and Doe.

### D. Declaratory Relief

Plaintiff seeks declaratory relief from Defendants Calabrese Doe. (Dkt. No. 1 at 6.) Defendants argue that Plaintiff is not entitled to such relief. (Dkt. No. 51-7 at 7-8.) Defendants are correct. As this Court observed in its order dismissing the declaratory relief claims against former Defendants Nichole Lichva and Lynda Rymanowski, "[t]o have standing to sue for . . . declaratory relief, the plaintiff must be the person who will be injured by the future action sought to be enjoined." (Dkt. No. 49 at 8, quoting *Cooley v. DiVecchio*, No. 06-178, 2008 U.S. Dist. LEXIS 121013, at *14, 2008 WL 2755846, at *6 (W.D. Pa. July 15, 2008).[4]) As discussed above, Plaintiff has not demonstrated anything beyond a speculative possibility of future injury. Therefore, I recommend that the Court grant Defendants' motion for summary judgment and

---

[4] Lexis and Westlaw list different dates for this decision. I have used the date listed by Westlaw because that is the version cited by Chief Judge Sharpe in his previous order in this case. (Dkt. No. 49 at 8.)

dismiss the claim for declaratory relief against Defendants Calabrese and Doe.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 51) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: February 13, 2013
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge